UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAQUARIOUS D. BROWN | CASE #:  1:20-CV-0-541 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| CITY OF ALEXANDRIA, LOUISIANA, JERROD D. KING, BOBBY G. BRANTON, JR., and KENNETH E. RACHAL | MAGISTRATE JOSEPH PEREZ-MONTES |
| | JURY DEMANDED |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

### INTRODUCTION

This is a civil rights action seeking damages pursuant to 42 U.S.C. § 1983 and state tort law against the individual Defendants Police Officers Bobby G. Branton, Jr. and Kenneth Rachal for the excessive use of force (ECF 39-1, First Claim for Relief, Third Claim for Relief, and Fourth Claim for Relief) and against Jerrod D. King in his official capacity as Chief of the Alexandria Police Department and against the City of Alexandria for maintaining a policy or practice of inadequate training, ineffective discipline leading to constitutional violations, and inadequate retraining of law enforcement officials in need of such retraining (ECF 39-1, Second Claim for Relief and Fifth Claim for Relief) and for respondeat superior liability (ECF 39-1, ¶¶ 94-95).  Plaintiff brings this motion to compel production of certain documents requested in Plaintiff's Revised Request for Production of Documents to which Defendant City of Alexandria objected in Defendant

1

City of Alexandria's Responses to Plaintiff's Revised Request for Production of Documents, attached as Exhibit A.  It is Plaintiff's theory that the individual Defendants, while allegedly seeking an entirely different person in order to effect a warrantless arrest, engaged in a high speed chase with Plaintiff, culminating in the excessive use of force, and that the individual Defendants' unconstitutional acts were the result of unconstitutional patterns and practices by the City.  Accordingly, as will be discussed, the requested documents are discoverable because they are reasonably calculated to lead to the discovery of admissible evidence regarding punitive damages against the individual defendants and the municipal liability claim against the City of Alexandria.

**ARGUMENT**

**I.    RULE 403 OF THE FEDERAL RULES OF EVIDENCE IS NOT AN APPROPRIATE SOURCE OF AN OBJECTION TO A DISCOVERY REQUEST**

The City objects to Request for Production Nos. 2, 3, 4, 5,[1] 6, 7, 11, 12, and 13 on the ground that, inter alia, "the evidence would be prejudicial, likely to create confusion, constitute a waste of time, and would therefore be inadmissible as per Fed. R. Evid. 403." Whether or not evidence is ultimately deemed admissible at trial is not determinative of whether such evidence is discoverable.

---

[1] Plaintiff is withdrawing Request for Production No. 5, following the filing of the Amended Complaint (ECF 39-1).

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, the scope of discovery is broad, *Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011), and extends to

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Information within this scope of discovery need not be admissible in evidence to be discoverable.*

(Emphasis added.)  "A discovery request is relevant when the request seeks admissible evidence or is reasonably calculated to lead to the discovery of admissible evidence." *Crosby*, 647 F.3d at 262 (internal quotation marks omitted). It is therefore inappropriate to object to a discovery request, as the City Defendants have objected to Plaintiff's Request for Production Nos. 2, 3, 4, 5, 6, 7, 11, 12, and 13, on the ground that such discovery would be inadmissible at trial pursuant to Rule 403 of the Federal Rules of Evidence.

"Rule 403 allows the exclusion of otherwise admissible evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'" *Shepherd v. Dallas County*, 591 F.3d 445, 457 (5th Cir. 2009).  By its very nature, this is a weighing process that cannot be conducted until the close of discovery at the time of trial.  Even if Rule 403 applied to the discovery process, exclusion of evidence pursuant to "'Rule 403 . . . is an extraordinary measure [that] permits a trial court to exclude concededly probative evidence, and thus it should be used sparingly.' *United States v. Clark*, 577 F.3d 273, 287–88 (5th Cir.2009)." *Id.* at 456–457.

Accordingly, even if there were a context for weighing the probative value of discoverable evidence against the danger of unfair prejudice, barring the discovery would be an inappropriate resolution.

II. **INVESTIGATIVE FILES CONCERNING PRIOR ALLEGED CIVIL RIGHTS VIOLATIONS BY POLICE OFFICERS INVOLVED IN PLAINTIFF'S APPREHENSION AND ARREST ARE DISCOVERABLE BECAUSE SUCH RECORDS ARE REASONABLY CALCULATED TO LEAD TO ADMISSIBLE EVIDENCE REGARDING PUNITIVE DAMAGES AGAINST THE INDIVIDUAL DEFENDANTS AND THE MUNICIPAL LIABILITY CLAIM AGAINST THE CITY OF ALEXANDRIA**

Request for Production Nos. 2, 3, 4, 6, and 7 request discovery of investigative records concerning prior incidents between community members and Officer Bobby Branton, and/or Officer Kenneth Rachal during which, Plaintiff alleges, the civil rights of the community members were violated. Request for Production No. 11 seeks all information maintained by the City of Alexandria Police Department Internal Affairs Division regarding complaints against Chief King, Police Officer Branton, and Police Officer Rachal. Similarly, Request for Production No. 13 is directed at Police Department records of civilian injuries suffered during, or as a result of, arrests conducted by Chief King, Police Officer Branton, or Police Officer Rachal. Defendant Branton was involved in the three incidents involving the false arrest of Umika Young, the wrongful towing of Ms. Young's vehicle, and the unlawful seizure of her televisions. (See Request for Production Nos. 2, 3, and 4; ECF 39-1, ¶¶ 22-26.) The incidents involving Doris Moses and Christopher Wilder concerned allegations of excessive force

4

by Defendant Rachal. In fact, Defendant Rachal's employment was terminated by the use of excessive force against Mrs. Moses, but he was reinstated because of the City of Alexandria Civil Service Board. (See Request for Production Nos. 6 and 7; ECF 39-1, ¶¶ 27-32.) Like the Umika Young incident, Plaintiff alleges that this instant matter involved an investigation of Plaintiff that was not based on reasonable suspicion. Similar to the Doris Moses and Christopher Wilder incidents, Plaintiff alleges that Defendant Rachal used excessive force against him.

The City does not argue that the investigative records of prior incidents are privileged—and does not provide a privilege log—or contain confidential information. A claim of privilege would fall flat because even though the Fifth Circuit Court of Appeals recognizes a "privilege protecting investigative files in an ongoing criminal investigation," *In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 569 (5th Cir. 2006) (internal citation omitted), that "privilege is bounded by relevance and time constraints," *id.* at 571, and does not apply to completed investigations, such as the Young, Moses, and Wilder investigations. No blanket privilege exists for personnel files or internal affairs files. *Betzer v. Stephens*, No. CIV.A. 03-169, 2003 WL 22175993, at *5 (E.D. La. Sept.19, 2003). Moreover, there is a strong presumption against maintaining confidentiality over "records indicating official misconduct, abuse of power, or constitutional violations by [individual] Defendants . . . [and] such documents should therefore be made available to Plaintiff[] without restriction." *Gutierrez v. Benavides*, 292 F.R.D. 401, 405 (S.D. Tex. 2013) (internal citation omitted). Defendant merely

5

argues that the requested records are not reasonably likely to lead to the discovery of admissible evidence and are otherwise unfairly prejudicial.

The evidence sought by Plaintiff is discoverable because it is relevant to, and reasonably likely to lead to, admissible evidence regarding both Plaintiff's municipal liability claim and his punitive damages claims against the individual Defendants. *See, e.g.*, *Soler v. County. of San Diego*, No. 14CV2470-MMA (RBB), 2016 WL 11621299, at *7 (S.D. Cal. July 18, 2016) (documents concerning actions against, complaints against, and investigations of individually named defendants could lead to admissible evidence regarding plaintiff's *Monell* claim as well as plaintiff's request for punitive damages, since such evidence could show a continuing course of conduct reflecting malicious intent); *Martin v. Conner*, 287 F.R.D. 348, 350 (D. Md. 2012) (in civil rights suit against two Maryland State troopers for unconstitutional search and seizure, granting motion to enforce subpoena to Maryland State Police for both founded and unfounded complaints about troopers' conduct during traffic stops because it might reveal a pattern and practice of the officers, it might reveal prior instances of untruthfulness, and it may be relevant to punitive damages "as they may underscore the egregiousness of defendants' conduct"); *Scaife v. Boenne*, 191 F.R.D. 590, 595 (N.D. Ind. 2000) (in civil rights claim alleging false arrest and excessive force against two police officers, past complaint records of arresting police officers was discoverable because plaintiff sought punitive damages); *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993) (personnel files and internal affairs histories of named individual officers containing "instances of misconduct may also be relevant on the issue of punitive damages, in that the information may lead to

evidence of a continuing course of conduct reflecting malicious intent"); *Cameron, By Cameron v. City of Philadelphia*, No. CIV. A. 90-2928, 1990 WL 151770, at *5 (E.D. Pa. Oct. 4, 1990) ("Prior complaints, lawsuits and disciplinary proceedings involving Defendant Lemasters are relevant to proving the claims against her and may be admissible to show motive, intent, absence of mistake, or entitlement to punitive damages. This information is also relevant to the claims against Defendant, City of Philadelphia under a municipal liability theory in order to show an official policy or custom which proximately caused a constitutional violation") (internal citation omitted) (internal quotation marks omitted); *Hurley v. Keenan*, No. 79 CIV. 4772 (RJW), 1984 WL 358, at *8 (S.D.N.Y. May 8, 1984) (in case brought by prison inmate alleging he was beaten and mistreated by Corrections Officers, other instances of misconduct, whether administrative, civil, or criminal, were discoverable because relevant to claim for punitive damages).

In the absence of a valid objection by the Defendant, the City of Alexandria should be ordered to comply with Request for Production Nos. 2, 3, 4, 6, 7, 11, and 13.

**III. POLICE DEPARTMENT RECORDS CONCERNING COMPLAINTS AGAINST POLICE OFFICERS; ASSAULT CHARGES AGAINST CIVILIANS; ACCESS TO CRIMINAL INVESTIGATIONS OF PLAINTIFF, YOUNG, MOSES, AND WILDER; AND MEETING AGENDAS FOR THE LAST 10 YEARS ARE DISCOVERABLE BECAUSE THEY ARE REASONABLY CALCULATED TO LEAD TO ADMISSIBLE EVIDENCE REGARDING THE MUNCIPAL LIABILITY CLAIM AGAINST THE CITY OF ALEXANDRIA**

The City also objects to Plaintiff's requests for general documents maintained by the Police Department, i.e., records of complaints of excessive force against all police

officers over the last 10 years (Request for Production No. 12); records documenting a charge of assault of a police officer against a police officer over the last 10 years (Request for Production No. 14); records documenting access by any Alexandria Police Officer to criminal information services regarding Plaintiff, Christopher Wilder, Umika Young, and Doris Moses during the last 10 years (Request for Production No. 15); and agendas for all staff and command meetings of the Alexandria Police Department over the last 10 years (Request for Production No. 17). Again, the City does not claim that the requested documents are privileged or confidential. Rather, the City objects on the grounds that the material is not reasonably likely to lead to the discovery of admissible evidence and production would be unduly burdensome. The City provides no evidence upon which this Court could conclude that responding to Plaintiff's requests would be burdensome, let alone unduly burdensome. The sheer number of potential responsive documents does not render a request unduly burdensome. *See, e.g.*, *Costantino v. City of Atlantic City*, 152 F. Supp. 3d 311, 328 (D.N.J. 2015) ("The Court has no sympathy for Atlantic City's argument that it does not have to produce relevant discovery because it is burdened by the fact that it has too many citizen police complaints and § 1983 lawsuits. In a serious lawsuit challenging the ACPD and its IA [internal affairs] process, it is ironic that Atlantic City argues it should not have to produce more discovery because it has too many citizen complaints and IA files.").

Clearly, documents related to the City's handling of complaints of excessive force by police, including, but not limited to, its investigation of the claims, its treatment of complainants, and its discussion of such claims at staff meetings is reasonably likely to

8

lead to admissible evidence pertinent to Plaintiff's municipal liability claims. *See, e.g.*, *Soler*, 2016 WL 11621299, at *7 (documents concerning actions against, complaints against, and investigations of individual defendants could lead to admissible evidence on *Monell* claim); *Vodak v. City of Chicago*, No. 03 C 2463, 2004 WL 1381043, at *5 (N.D. Ill. May 10, 2004) ("Numerous courts have held that the personnel files and complaint histories of defendant officers are relevant in § 1983 actions involving police misconduct, particularly where, as here, plaintiffs allege a *Monell* policy, practice and custom claim against the municipality.") (listing cases); *Cameron, By Cameron*, 1990 WL 151770, at *5 (prior complaints, lawsuits and disciplinary proceedings against individual defendant were discoverable to show a municipal policy or practice).

There is nothing inherently unreasonable about requesting materials from the last 10 years. For example, in a section 1983 suit brought by African American men alleging they were unconstitutionally subjected to strip searches or body cavity searches by police officer pursuant to a municipal policy, the court allowed plaintiff to discover documents relevant to the City's handling of all cases of complaints of police misconduct—not just misconduct related to strip searches or body cavity searches—going back 24 years. The court acknowledged that

> it is probable that much of the information the plaintiffs have requested will turn out to be irrelevant. Still, the requests target information that is potentially relevant. For example, if an internal report from 1991 indicates that the police department had a policy of ignoring complaints of officer misconduct, and other evidence in this case suggests that the policy persisted until the time of the searches at issue in this case, then the report would be relevant to proving the existence of a pattern or practice of ignoring such complaints. The plaintiffs could then argue that such a policy was the cause of their injuries because, but for the policy, the City would

9

have investigated and put a stop to the ongoing practice of subjecting citizens to illegal strip and body-cavity searches.

*Ashford v. City of Milwaukee*, 304 F.R.D. 547, 553 (E.D. Wis. 2015).

Because Defendant has failed to offer a valid objection, the City of Alexandria should be ordered to comply with Request for Production Nos.12, 14, 15, and 17.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion to Compel Discovery in its entirety.

Dated: 28MAY2021                    Respectfully submitted,

By: */s/ Brett L. Grayson*
BRETT L. GRAYSON (#06268)
850 Kaliste Saloom Rd., Suite 120
Lafayette, Louisiana 70508-4230
Telephone: (337) 706-7646
Facsimile: (337) 706-7648
Email: brett.grayson@blgraysonesq.com
ATTORNEY FOR DAQUARIOUS BROWN