c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DAQUARIOUS DASHAWN                   CIVIL ACTION NO. 1:20-CV-00541
BROWN,
Plaintiff

VERSUS                               JUDGE JOSEPH

CITY OF ALEXANDRIA, *ET AL.*,        MAGISTRATE JUDGE PEREZ-MONTES
Defendants

---

## MEMORANDUM ORDER

Before the Court is a Motion to Compel (ECF No. 45) filed by Plaintiff Daquarious Dashawn Brown ("Brown"). Brown seeks to compel the Defendant the City of Alexandria's (the "City's") responses to his Revised Request for Production[1] by permitting the inspection and copying of documents and information, and he seeks attorney's fees and costs. ECF No. 45 at 1. The City opposes. ECF No. 50.

Because documents pertaining to King concerning failure to investigate or discipline of an officer for complaints of excessive force are potentially relevant to Brown's *Monell* claims, Brown's motion (ECF No. 45) is GRANTED IN PART as to

---

[1] The City notes that the subject of this motion is Brown's "second" Revised Request for Production (ECF No. 48). ECF No. 50 at 5. This was issued March 26, 2021. ECF No. 48 at 18. The City shows Brown sent a "first" Revised Request for Production" on August 14, 2020. ECF No. 50-1 at 21. However, the City asserts they are all essentially seeking the same information. ECF No. 50 at 5. The City claims the responses at issue were produced in response to the first request. Brown challenges the City's April 27, 2021 discovery responses. ECF Nos. 48-1, 50-2. Nowhere does Brown address or refute the City's assertions concerning the various iterations. Therefore, the Court will not, and need not, parse out which one is at issue. The Court simply examines the City's responses and Brown's assertions concerning objections and alleged deficiencies.

Request for Production No. 11 requesting information pertaining to King.  Because Brown's request for complaints of excessive force maintained by APD Internal Affairs is relevant to his *Monell* claims (limited to the five years preceding the incident and limited to excessive force complaints), Brown's motion (ECF No. 45) is GRANTED IN PART as to Request for Production No. 12.

Because the City provided supplemental responses and an affidavit establishing there are no documents responsive to Requests for Production Nos. 14, 15, and 17, Brown's motion (ECF No. 45) seeking to compel responsive documents is DENIED IN PART AS MOOT.

Because the City supplemented production in response to Request for Production No. 11 with documents pertaining to Rachal, which is also responsive to Request for Production No. 7, and because Whitney, Rodney, and Branton are no longer parties and the information requested in Request for Production Nos. 11 and 13 pertaining to them is no longer relevant, Brown's motion (ECF No. 45) relating to those requests is DENIED IN PART AS MOOT.

And because Request for Production Nos. 2, 3, 4, and 6 are not relevant to Brown's claims and are outside the scope of Rule 26, Brown's motion (ECF No. 45) is DENIED IN PART as to those requests.

## I.   Background

Brown filed a Complaint (ECF No. 1) under 42 U.S.C. § 1983 for claims arising from a March 19, 2019 incident with Kenneth E. Rachal ("Rachal") involving excessive force.  Brown originally named as Defendants the City, Jerrod King

("King"), Bobby Branton ("Branton"), Thomas J. Rodney ("Rodney"), Carla J. Whitstine ("Whitstine"), and Rachal (collectively, "Defendants").  ECF No. 1 at 1-2.

Brown filed an Amended Complaint (ECF No. 57), removing Defendants Whitstine and Rodney and all allegations against them, and removing his § 1983 claims for false arrest and racial discrimination against all Defendants.  ECF No. 57 at 4-5.  Also, after the filing of this motion, and with no opposition from Brown, the Court granted summary judgment dismissing all claims against Branton.  ECF No. 75.

Brown alleges Rachal, a Lieutenant with the Alexandria Police Department ("APD"), intentionally and willfully subjected him to excessive force while effecting an arrest.  ECF Nos. 1 at 2, 57 at 2.  He contends that APD officers Rachal, Whitstine, Rodney, and Branton – not in standard APD uniform and riding in an unmarked vehicle – were looking for a burglary suspect Germanneek Beyard ("Beyard").  ECF Nos. 1 at 6, 57 at 6. While traveling on Duhon Street, the officers observed a tan or gold SUV parked on Hargis Street with two black male front seat occupants purportedly wearing black clothing and with "braided hair."  ECF Nos. 1 at 6-7, 57 at 7.  Brown alleges officers never identified any occupant as Beyard.  ECF No. 57 at 7.

The officers approached the SUV and Whitstine opened the front driver's door.  ECF Nos. 1 at 7, 57 at 7.  Brown started the vehicle and drove away, ignoring the officers' orders to stop.  ECF Nos. 1 at 7, 57 at 8.  A high-speed pursuit ensued. *Id.* The front seat passenger Devon McCoy ("McCoy") exited the SUV, fled on foot, and was captured.  ECF No. 57 at 9.  Brown continued fleeing, exited the SUV while it

was moving, and fled on foot on Laccasine Drive.  ECF Nos. 1 at 8, 57 at 9.  Rachal and Branton pursued Brown on foot, and Brown was arrested in a wooded area near Laccasine Drive.  ECF Nos. 1 at 8, 57 at 9.

Brown claims Rachal struck him repeatedly in the head and body with his pistol after he stopped his flight, was not resisting, and was in the process of lying face down on the ground.  *Id.*  He alleges Branton did nothing to intervene.  ECF Nos. 1 at 8, 57 at 10.  Brown claims he did not meet the description of Beyard.  ECF No. 57 at 10.  And he asserts the officers lacked any reasonable suspicion to stop him, or probable cause to search his vehicle, at the initial encounter.  *Id.*

Brown's remaining claims include a § 1983 claim against Rachal in his individual capacity for excessive force in violation of the Fourth and Fourteenth Amendments.  ECF Nos. 1 at 18, 57 at 15.  He also asserts § 1983 claims against the City and King, in his official capacity, for deliberately indifferent policies, practices, customs, training, and supervision in violation of the Fourth and Fourteenth Amendments.  ECF Nos. 1 at 24, 57 at 19, 22.

Also remaining are Brown's supplemental state law claims against Rachal for excessive force, assault, and battery, and intentional infliction of emotional distress, and against King and the City for vicarious liability for the assault and battery.  ECF Nos. 1 at 29, 57 at 24.  Brown seeks compensatory damages, punitive damages, and attorney's fees under §§ 1983 and 1988.  ECF Nos. 1 at 1, 57 at 1.

Defendants answered, asserting various affirmative defenses.  ECF Nos. 8, 58, 62.[2]

Brown propounded a Revised Request for Production of Documents to the City on March 26, 2021.  ECF Nos. 48, 50-1.  On April 28, 2021, the City responded and produced documents, including a disc with APD videos and radio recordings.  ECF Nos. 48-1, 50-2.  The City also provided the sworn Affidavit of APD Chief of Police Ronney L. Howard ("Howard").  ECF No. 50-3.  On June 11, 2021, the City provided Supplemental Responses to Request for Production Nos. 14, 15, and 17.  ECF No. 61.

Brown now seeks production of certain documents and information to which the City objected.  ECF No. 45.  Brown seeks documents he claims will establish unconstitutional patterns and practices by the City, and that will lead to admissible evidence regarding punitive damages against the individual defendants and municipal liability against the City.  ECF No. 45-1 at 2.

The City's objections fall into three categories:  (1) that Request for Production Nos. 2, 3, 4, 5,[3] 6, and 7 seeking documents relating to previous encounters with Umika Young ("Young"), Doris Moses ("Moses"), and Chistopher Wilder ("Wilder") are irrelevant; (2) that Request for Production No. 11 seeking documents relating to "all information" regarding complaints against non-defendants and King, Branton, and Rachal is irrelevant; and (3) that Requests for Production Nos. 12, 13, 14, 15, and 17

---

[2] On October 5, 2020, this action was stayed pending the outcome of underlying criminal proceedings pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).  ECF No. 29.  The stay was lifted on resolution of those proceedings.  ECF No. 33.

[3] Brown withdrew Request for Production No. 5 following the filing of his Amended Complaint.  Thus, the Court need not address it.  *See* ECF Nos. 45-1 at 2, n.1, 59 at 1, n.1.

are irrelevant, overbroad, and unduly burdensome because they seek all information regarding all excessive force complaints against all APD officers; relating to civilian injuries sustained as a result of an arrest by King, Branton, Rodney, Whitstine, and Rachal;  regarding any civilian charged with assault against a police officer in the past 10 years; regarding any APD access to criminal information services regarding Brown, and other non-party individuals, over the last 10 years; and regarding any copies of agenda meetings for APD staff and command for the last 10 years.  ECF No. 60.

The Court held oral arguments.  ECF Nos. 56, 78, 59, 60.  The City advised supplemental production of discovery occurred, and the parties agreed it was unclear what remained at issue for resolution.  ECF No. 56.  The Court ordered supplemental briefing, allowing the parties to address what, if any, disputes remained as to the City's production.  ECF No. 56.

Both parties filed supplemental briefs concerning the remaining disputes. ECF Nos. 59, 60.  According to Brown, the City produced incomplete supplemental production of documents only relating Request for Production No. 11.  ECF No. 59 at 1-3.  Thus, Brown asserts the City should be ordered to comply with the remaining disputed Request for Production Nos. 2, 3, 4, 6, 7, 11, 12, 13, 14, 15, and 17.  *Id.* at 3. The City reiterates its objections in supplemental briefing, and asserts that Requests for Production Nos. 14, 15, and 17 are resolved, as they supplemented production and confirmed the lack of responsive records.  ECF Nos. 50, 60, 61.[4]

---

[4]   None of the oral argument, briefing, or supplemental briefing addressed the dismissal of Branton subsequent to the filing of this motion.

## II.   <u>Law and Analysis</u>

### A.   <u>A party seeking discovery may move to compel where a party fails to fully and timely respond to discovery requests.</u>

A party may serve on any other party a request for production of any tangible thing within the party's possession, custody, and control that is within the scope of Rule 26.  Fed. R. Civ. P. 34(a)(1)(B).

Rule 26(b)(1) of the Federal Rules of Civil Procedure states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  A court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37.  An "evasive or incomplete

disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

**B.    Discovery in _Monell_ claims is often broad to allow plaintiffs the opportunity to establish official policy, practice or custom.**

The briefs did not squarely address the discovery limitations related to _Monell_ claims in § 1983 claims.  But, "there is a surprising dearth of case law in this circuit that relates to discovery limitations in Section 1983 claims, including _Monell_ claims." _Maurer v. St. Tammany Par. Sch. Bd._, 2020 WL 12801030, at *2 (E.D. La. Jun. 26, 2020).  In addressing similar discovery disputes in _Monell_ claims, district courts in other circuits, routinely recognize that "broad and substantial" discovery is often required that is otherwise not involved if a plaintiff sued only the individuals directly in the deprivation of her rights.  _Id._ (citing cases).[5]

Brown cannot recover on a § 1983 claim against the City unless he is able to demonstrate that an official policy, widespread practice, or custom caused the deprivation of his constitutional rights.  _See Piotrowski v. City of Houston_, 237 F.3d 567, 578-79 (5th Cir. 2001); _see also Monell_, 436 U.S. at 694.  As the Eastern District explained:

> Although there is no clear consensus as to how frequently conduct must occur to constitute a "widespread policy or custom," [plaintiff] must demonstrate that the alleged violation of her constitutional rights was not merely an isolated event. _See Sinegal v. City of El Paso_, 414 F. Supp. 3d 995, 1007-08 (W.D. Tex. 2019) (citing _Zarnow v. City of Wichita Falls_, 614 F.3d 161, 169 (5th Cir. 2010); _McConney v. City of Houston_, 863 F.2d 1180, 1184 (5th Cir. 1989)). While a detailed catalogue of similar incidents may not always be available, a plaintiff must ordinarily at

---

[5] Often, claims are disposed of through a motion to dismiss or summary judgment.  Thus, these type of claims often do not reach this stage of discovery.  Here, no Rule 12 motions were filed.

least "identify[ ] similar incidents" to prove her Section 1983 claim. *See id.* (citing *Skyy v. City of Arlington*, 712 F. App'x 396, 401 (5th Cir. 2017)); *see Williams v. Connick*, Civ. A. No. 12-1274, 2014 WL 1246771, at *3 (E.D. La. Mar. 25, 2014) (finding that defendant need only produce documents that relate to *Brady* claims similar to those alleged in the complaint).

In many *Monell* claims under Section 1983, courts have found that personnel records and documents relating to prior complaints are relevant and proportional. *See Watson v. Boyd*, No. 4:17-CV-2187, 2019 WL 1499679, at *2 (E.D. Mo. Apr. 5, 2019) (finding personnel files relevant and proportional to plaintiff's *Monell* claim); *Edwards v. City of Vallejo*, No. 2:18-cv-2434, 2019 WL 3564168, at *5, 8 (E.D. Cal. Aug. 9, 2019) (granting motion to compel production of records concerning hiring of officer and records of complaints about officer in *Monell* action); *Lallemand v. County of Los Angeles*, No. CV 17-0781, 2018 WL 6136814, at *9 (C.D. Cal. Jan. 12, 2018) (granting motion to compel records of complaints and disciplinary action taken as to officers); *Dobson v. Dougherty*, 2018 WL 6321390, at *4 (W.D.N.Y Dec. 4, 2018) (finding any documents related to deputies' participation in DWI stops in their personnel files relevant and proportional to plaintiff's *Monell* claim); *Adams v. City of New Orleans*, 2017 WL 713853, at *2 (E.D. La. Feb. 23, 2017) (ordering production of personnel file as relevant and proportional to *Monell* claim); *Dominguez v. City of Los Angeles*, No. CV17-4557, 2017 WL 10605960, at *6-7 (C.D. Cal. Nov. 18, 2017) (granting motion to compel records of training, misconduct, and discipline in officer's personnel files in *Monell* action); *Soler v. County of San Diego*, No. 14cv2470, 2016 WL 11621299, at *7 (S.D. Cal. July 18, 2016) (finding performance appraisal reports relevant and proportionate to the needs of plaintiff's *Monell* claim). Moreover, courts find that prior complaints of bad conduct and investigations may lead to evidence to support a *Monell* claim. *See, e.g., Bost*, 2020 WL 1890506, at *13 (upholding magistrate judge's limitation to four years of records of emergency care at prison relevant and proportional to plaintiff's *Monell* claim); *Moya v. City of Clovis*, No. 2:18-cv-00494, 2019 WL 4193427, at *4 (D.N.M. Sept. 4, 2019) (finding prior incidents or complaints in personnel file relevant and proportionate to plaintiff's *Monell* claim); *Nguyen v. Las Vegas Metro. Police Dep't*, 2013 WL 5705352, at *4 (D. Nev. Oct. 17, 2013) (holding that "information relating to prior complaints" is relevant to show a departmental policy of "deliberate indifference to ... alleged misconduct"); *Wright v. City of Chicago*, No. 09 C 3489, 2010 WL 4875580, at *3 (N.D. Ill. Nov. 23, 2010) (holding that plaintiff was entitled to discovery "directed to learning if claims of similar misconduct have been brought in the past"); *Perry v. City of Gary, Ind.*, No. 2:08-

CV-280, 2009 WL 2253157, at *6 (N.D. Ind. July 27, 2009) (holding that plaintiff was entitled to discover "information pertaining to citizen complaints, including the investigations thereof, or lawsuits alleging excessive force by the Defendant Officers and all Gary Police Officers"); *Torres v. Kuzniasz*, 936 F. Supp. 1201, 1206 (D.N.J. 1996) ("[D]ocumentation of civilian complaints and the ... resultant investigations are relevant and necessary to the plaintiffs' burden of establishing the requisite policy or custom and causation required for municipal liability....").

*Maurer*, 2020 WL 12801030, at *2–3.

However, the United States Court of Appeals for the Fifth Circuit has been clear that constraints are warranted: "Where prior incidents are used to prove a pattern, they 'must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees.'" *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 850 (5th Cir. 2009) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)).

Thus, "a plaintiff must demonstrate 'a pattern of abuses that transcends the error made in a single case.'" *Id.* (quoting *Piotrowski*, 237 F.3d at 582). And such pattern requires "similarity and specificity; '[p]rior indications cannot be for any and all bad or unwise acts, but rather must point to the specific violation in question.'" *Id.* (quoting *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005)). Establishing a pattern "requires 'sufficiently numerous prior incidents,' as opposed to 'isolated instances.'" *Id.* (quoting *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989)); *see Pineda v. City of Houston*, 291 F.3d 325 (5th Cir. 2002) (holding that 11 incidents of warrantless entry did not

10

support a pattern of unconstitutional warrantless entry); *see also Peterson*, 588 F.3d at 850 (affirming the district court's ruling that 27 complaints of excessive force filed over a period of four years were insufficient to establish a pattern of excessive force).

### C.  Concerning specific prior incidents, Brown's Motion to Compel (ECF No. 45) is denied in part as to responses to Request for Production Nos. 2, 3, 4, and 6, and denied in part as moot as to responses to Request for Production No. 7.

Brown seeks production of investigative records concerning specific prior incidents between non-party citizens and Branton or Rachal in which Brown alleges civil rights were violated.  ECF No. 45-1 at 4.  Specifically, Brown seeks documents related to alleged police encounters with non-parties Young, Moses, and Wilder.[6]  *Id.*

Brown argues Branton was involved in three incidents involving the false arrest of Young, the wrongful towing of her vehicle, and the unlawful seizure of her televisions.  *Id.*  Brown argues that, like Young, officers investigated him without reasonable suspicion.  *Id.* at 5.  Thus, Brown propounded Request for Production Nos. 2, 3, and 4 seeking documents and information pertaining to the three incidents.  ECF No. 45-1 at 4.

He also argues Rachal was involved in excessive force incidents with Moses and Wilder.  *Id.* at 4-5.  Brown alleges Rachal was terminated after the excessive force

---

[6] As noted above, the parties submit different iterations of discovery requests allegedly at issue.  The Court observes that Requests for Production Nos. 5, 6, and 7 are not identical in the various iterations.  However, it is clear the parties dispute the discoverability of the documents and information requested pertaining to Young, Moses, and Wilder.  Thus, the Court will address that issue regardless of which numbered request it pertains to.

This is the case for several of the requests, but the Court will deal with the content of the requests for the remainder of this opinion without further belaboring the point.

incident with Wilder but was reinstated.  *Id.* at 5.  He contends that, like Moses and Wilder, Rachal used excessive force against him.  *Id.*  Thus, Brown seeks related documents and information through Request for Production Nos. 6 and 7.  *Id.*

Specifically, Brown seeks production of all documents and information concerning the following citizen encounters:

(1)     A police visit in October of 2018 to Young's residence by Whitstine, Branton, Tanner Dryden, and Trever Billington of APD, in which her vehicle was allegedly towed (ECF Nos. 48 at 7, 50-1 at 7);

(2)     Young's arrest on February 1, 2019 by Whitstine, Branton, Dryden, and Billington (ECF Nos. 48 at 9-10, 50-1 at 9-10);

(3)     The seizure of televisions from Young's residence in October of 2018 by Whitstine, Branton, Dryden, and Billington (ECF Nos. 48 at 10-11, 50-1 at 11-12);

(4)     The alleged assault upon and arrest of Moses on April 8, 2007, near her residence (ECF Nos. 48 at 12-14, 50-1 at 14-16);

(5)     The events leading up to the alleged assault upon and issuance of citation to Wilder on May 9, 1999 by Rachal (ECF Nos. 48 at 14-15, 50-1 at 16-17).

Brown contends that the requested information is relevant to his municipal liability claim and his punitive damages claim against the individual Defendants.  *Id.* at 6.  Brown argues privilege was not asserted and does not apply.  ECF No. 45-1 at 5.  And he cites caselaw from other circuits, arguing that documents concerning such

12

prior instances or complaints are discoverable and relevant to either *Monell* claims or punitive damages.  *See* ECF No. 45-1 at 6 (citing cases).

The City's blanket objections to Requests for Production Nos. 2, 3, 4, 6, and 7 each assert that the requests seek "irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence," and that any evidence "would be prejudicial, likely to confuse the issues, constitute a waste of time, and would be inadmissible as per Fed. R. Evid. 403."  ECF Nos. 48-1, 50-2.[7]

The City also argues Brown cannot pursue discovery of any alleged "patterns and practices" relating to the alleged warrantless or illegal arrest or malicious prosecution of Young, Moses, or Wilder, as they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  ECF Nos. 50 at 9, 60 at 2.  The City argues that any APD encounters with Young, Moses, and Wilder are "isolated incidents in 1999, 2007, and 2018" and discovery of such isolated events, including illegal arrests, assertion of false charges, or excessive force, cannot establish a pattern of civil rights violations.  ECF No. 60 at 1-2.

The City contends any such documents are irrelevant.  *Id.* at 2.  Specifically, the City argues Brown does not allege his car was towed or that his property was seized, and he does not assert Young experienced excessive force.  ECF Nos. 50 at 9, 60 at 2.  The City asserts that documents related to such isolated incidents would not support Brown's putative damages or municipal liability claims for excessive

---

[7] The phrase "reasonably calculated to lead to the discovery of admissible evidence" no longer defines the scope of discovery.  *See* Fed. R. Civ. P. 26(b)(1).  Thus, the City's objection on that basis is overruled.  Information need not be admissible to be discoverable.  Fed. R. Civ. P. 26(b)(1).

force.  *Id.*  The City further contends Brown's Amended Complaint contains no allegations of an "investigation of Plaintiff that was not based on reasonable suspicion," and that any request related to Moses is irrelevant.  ECF No. 50 at 14.[8]

Here, incidents relating to Whitstine, Branton, Dryden, and Billington bear no relevance to Brown's claims.  Whitstine is no longer a party, and claims against her were removed by amendment.  ECF No. 57.  Branton and all claims against him have been dismissed through summary judgment, without opposition.   ECF No. 75.  Additionally, Request for Production Nos. 2, 3, and 4 do not relate to excessive force incidents, or investigation of an excessive force incident.  Thus, any information concerning complaints against Whitstine and Branton are irrelevant and outside the scope of discovery under Rule 26.  For the same reason, Brown is not entitled to records regarding the conduct of non-party officers Dryden or Billington.  Thus, Brown's motion (ECF No. 45) is denied in part as to Request for Production Nos. 2, 3, and 4.

Likewise, Brown's Request for Production No. 6 relating to an assault of non-party citizen Moses from 2007 is outside the scope of discovery.  The requested information amounts to an "isolated act" that generally could not establish the existence of a custom or practice.  *See Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003) (holding that "isolated acts" generally cannot establish the existence of a custom or practice); *see also Zarnow v. City of Wichita Falls, Tex.*, 614

---

[8] Regarding the alleged "road rage" incident involving Wilder from over 20 years ago, the City represents they provided excerpts of Rachal's Internal Affairs and Personnel files containing documentation relating to Wilder through their supplemental response to Request for Production No. 11.  ECF No. 60 at 3.

F.3d 161, 169 (5th Cir. 2010) ("Those prior instances, however, must be not only similar to conduct at issue in the plaintiff's case but also persistent as opposed to sporadic or isolated."); *see also Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 851 (5th Cir. 2009) ("A pattern requires similarity and specificity; [p]rior indications cannot simple be for any and all bad or unwise acts, but rather must point to the specific violation in question."). Therefore, Brown's motion is denied in part as to Request for Production No. 6.[9]

Regarding Request for Production No. 7 for an over 20-year-old alleged battery of Wilder by Rachal, any excessive force complaint made against Rachal would certainly be relevant to Brown's claim. And Brown would be entitled to the Internal Affairs investigation relating to complaints of the use of excessive force against Rachal. However, the City represents that their supplemental responses to Request for Production No. 11 contained Rachal's Internal Affairs and Personnel files excerpts, which contained the City's documentation relating to Wilder. ECF No. 60 at 3. The City represents that they are not aware of any additional documents relating to Wilder. *Id.* And Brown acknowledges receipt of records related to Rachal. ECF No. 59 at 3. Thus, Brown's motion is denied in part as moot as it relates to Request for Production No. 7.

---

[9] While Brown's Request for Production No. 6 does not mention Rachal by name, he argues that the incident involved the use of excessive force by Rachal. ECF No. 45-1 at 5. However, the City represents that they already produced – and Brown acknowledged receipt of – Rachal's Internal Affairs and Personnel Files excerpts. ECF No. 60 at 3. To that extent, Brown's request is also moot.

**D.** **Brown's Motion to Compel (ECF No. 45) responses to Request for Production No. 11 is denied in in part as moot, as to information relating to Whitstine, Rodney, Rachal, and Branton, and is granted in part as to the remaining requested information relating to King.**

Through Request for Production No. 11, Brown seeks all information maintained "in the computer or computers" by the APD Internal Affairs Division "or other division of the [APD]" regarding complaints against King, Branton, and Rachal. ECF Nos. 45-1 at 4, 48 at 16, 50-1 at 19.[10]  Brown apparently concedes he only seeks complaints as to King, Branton, and Rachal, and abandons any request related to Whitstine or Rodney.  ECF No. 45-1 at 4.[11]  Brown acknowledges receipt of the City's supplemental response to Request for Production No. 11 and receipt of the requested documents and information pertaining to Rachal.  ECF No. 59 at 2-3.  However, Brown argues he seeks production related to the remaining individuals – King and Branton.  ECF No. 59 at 1.

The City objects to the request as vague, overbroad, and calling for irrelevant documents.  ECF No. 48-1 at 17.  The City contends that purported "complaints" concerning King, Branton, or Rachal would have no bearing on the subject incident. *Id.*  And they argue that even if relevant, they would be inadmissible under Fed. R. Evid. 403.  *Id.* at 18.

---

[10] In reviewing the two iterations submitted by the parties, Brown's attachment reflects this request in Request for Production No. 10.  ECF No. 48-1 at 16.  However, in the City's attachment, the request is reflected in Request for Production No. 11.  ECF No. 50-1 at 19. Nevertheless, the dispute is the same.

[11] Also, Whitstine and Rodney were removed as defendants through Brown's Amended Complaint.  ECF No. 57.  To the extent Brown's motion sought to compel documents related to Whitstine and Rodney, Brown's request is moot.

16

Here, Brown's request for documents pertaining to Rachal through Request for Production No. 11 is denied as moot.  Also, after Brown's motion, Branton and all claims against him were dismissed by summary judgment without opposition.  ECF No. 75.  Therefore, as to information relating to Branton, Brown's motion is denied in part as moot.

However, to the extent any are maintained by APD Internal Affairs Division, information of "complaints" pertaining to King, is relevant to Brown's *Monell* claims against the City and King.  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26.  Such discovery could establish whether misconduct complaints amounted to a pattern of using excessive force or a failure to properly investigate excessive force complaints, or discipline the individual, as a potential basis for *Monell* liability.  Thus, Brown's motion is granted in part as to information requested relating to King.  But, the Court agrees that there should be a temporal limitation, and that "complaints" must be limited to nature of the claims made.[12]

---

[12] When faced with a plaintiff's request that is disproportionate to the needs of the case to establish a pattern, courts often fashion temporal limitations. *See e.g., Bost v. Wexford Health Sources, Inc.*, 2020 WL 1890506, at *13 (D. Md. Apr. 15, 2020) (upholding magistrate judge's limitation to four years of records of emergency care at prison relevant and proportional to plaintiff's *Monell* claim); *Cook v. City of Dallas*, 2017 WL 9534098, at *4 (N.D. Tex. Apr. 10, 2017) (limiting production of formal and informal complaints to two years before incident); *Williams v. United States Envtl. Servs.*, 2016 WL 684607, at *8 (M.D. La. Feb. 18, 2016) (limiting production of complaints of sexual harassment, sex-based discrimination, and retaliation to five years before lawsuit); *Adams v. City of New Orleans*, 2017 WL 713853, at *3 (E.D. La. Feb. 23, 2017) (allowing discovery into discipline within the District Attorney's Office for *Brady* violations that occurred five years before and five years after alleged crime); *cf. De-Leon Reyes v. Guevara*, Case No. 18-cv-1028, 2020 WL 3050230, at *1 (N.D. Ill. June 8, 2020) (noting there was "a significant temporal problem" in seeking communications from

Therefore, the Court temporally limits Request for Production No. 11 as to King to the five-year period preceding the incident.  The Court also finds that the information pertaining to King shall be limited to complaints against King regarding failure to investigate, or discipline an officer, for a complaint of excessive force.  The City shall provide the remaining production in response to Request for Production No. 11 in accordance with these limitations, subject to any redactions or objections on the basis of privilege or work-product protections, which should be reflected in a privilege log.  Should there be no responsive documents, the City will certify that as a response.

> ### E.     Brown's Motion to Compel (ECF No. 45) responses to Request for Production No. 12 is granted in part.

Brown seeks "all information" maintained by APD Internal Affairs or any other division concerning "all complaints" of excessive force against any APD police officer over the last ten years.  ECF No. 45-1 at 8.  The City objects to the request as "overbroad, unduly burdensome, and calling for the production of irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence." ECF No. 50 at 17, 50-2 at 17.

But, as noted previously, the scope of discovery no longer requires that the requested information lead to admissible evidence.  Fed. R. Civ. P. 26.  And in this instance, Brown seeks information intended to establish an official policy, custom, or practice supporting a *Monell* claim.  Again, cases involving *Monell*-type claims often

---

2010 to the present to prove allegations relating to misconduct from the 1990s, and that any such communications are very unlikely to contain relevant information).

require broad discovery. *See Reed v. Wexford Health Sources, Inc.*, 2021 WL 5578076, at *3 (S.D. Ill. Oct. 19, 2021) (citing cases); *see also Zuppardo v. Caracci*, 2013 WL 5175680, at *1 (E.D. La. Sept. 12, 2013) (using misconduct complaints, including ones not sustained, to conclude that there was sufficient evidence to support plaintiff's *Monell* claim) (citing *Beck v. City of Pittsburgh,* 89 F.3d 966, 968–69 (3d Cir. 1996)).

The requested information is discoverable because it may be relevant to the *Monell* claim. *See Maurer*, 2020 WL 12801030, at *2; *see also Lyman v. Chamberlain*, 2020 WL 6940985, at *3 (N.D. Ill. Nov. 24, 2020). However, the Court temporally limits Brown's request for complaints of excessive force – sustained or unsustained – made against any APD police officer to the five-year period preceding the incident. *See Zuppardo*, 2013 WL 5175680, at *1. The City shall produce supplemental responses to include this information, if any, subject to any redactions or a privilege log.[13]

F.  **Brown's Motion to Compel (ECF No. 45) responses to Request for Production No. 13 is denied as moot.**

Brown's original request sought "[a]ny and all records, reports, documents, or other writings relating to injuries sustained by any civilian" resulting from an apprehension or arrest involving King, Branton, Rodney, Whitstine, and Rachal.

---

[13] Whether the information is contained in personnel files does not change the Court's finding concerning discoverability and relevance. And it is premature at this stage to make any determinations as to privilege, as that issue was not asserted or briefed. Absent that, personnel records and documents relating to prior complaints of excessive force are potentially relevant to Brown's *Monell* claim. And most courts allow discovery of police internal affairs investigations of officer misconduct. *See e.g., Whitfield v. Riley*, 2009 WL 10679761, at *7-8 (E.D. La. Oct. 6, 2009).

ECF No. 48 at 17.  The City objected to the request as overbroad, unduly burdensome, and irrelevant.  ECF Nos. 50 at 19, 50-2 at 18.[14]

In his brief, Brown seemingly abandons some of his request, arguing he seeks APD records of civilian injuries suffered during, or resulting from, arrests by King, Branton, or Rachal.  ECF No. 45-1 at 4.  Therefore, to the extent Brown seeks to compel production of documents outside of APD records or related to Rodney or Whitstine, Brown's request is denied as moot.  Also, Branton has been dismissed.  Related requests are also denied as moot.

The remaining portion of the request is overbroad or unduly burdensome, as it seeks information related to all injuries sustained by any civilian during an arrest.  Still, any information concerning a civilian injury sustained during the alleged use of excessive force by Rachal would be potentially relevant to Brown's excessive force and *Monell* claims.  That production would overlap the Court's order requiring production of sustained and unsustained complaints of excessive force, however, and documents already produced by the City concerning any complaints regarding Rachal.  Therefore, this request is also denied as moot.

### G.    Brown's Motion to Compel (ECF No. 45) responses to Requests for Production Nos. 14, 15, and 17 is denied as moot.

The City produced Supplemental Responses to Requests for Production Nos. 14, 15, and 17 (ECF No. 61)  The City also provided Howard's Affidavit (ECF No. 50-

---

[14] The City also objected based on admissibility under the old version of Rule 26, which the Court need not address again.

3), establishing that there were no documents responsive to Brown's Requests for Production Nos. 14, 15, and 17.  ECF Nos. 50 at 19-21, 50-3, 60 at 5-6, 61.

Therefore, Brown's request for additional production related to those requests is denied as moot.

**H.**   <u>**Brown's motion for expenses and attorney's fees (ECF No. 45) is denied.**</u>

Brown seeks reasonable expenses and attorney's fees incurred in the preparation and filing of his motion.  A court must award fees and costs if the motion is granted or if the requested discovery responses are provided after the motion is filed.  Fed. R. Civ. P. 37(a)(5)(A).  However, a court is not required to award fees and expenses if other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A)(iii).

Here, the City was largely justified in asserting that Brown's remaining production requests were overly broad, unduly burdensome, moot, or otherwise outside the scope of discovery.  Therefore, an award of fees and expenses is unwarranted.

**III.**   <u>Conclusion</u>

For these reasons,

IT IS HEREBY ORDERED that Brown's Motion to Compel (ECF No. 45) is GRANTED IN PART to the following extent:

(1)   In response to Request for Production No. 11, the City is ordered to produce the requested information for complaints concerning King, limited to the five-year period preceding the incident and limited to complaints against King

concerning failure to investigate, or discipline an officer, for a complaint of excessive force, to the extent any are maintained by APD Internal Affairs Division.  To the extent the City asserts any privilege, work product, or confidentiality objections, the City shall produce a log for those records withheld.

(2)     In response to Request for Production No. 12, the City is further ordered to produce complaints of excessive force – sustained or unsustained – made against any APD police officer in the five-year period preceding the incident, subject to any redactions or privilege asserted.  To the extent the City asserts any privilege, work product, or confidentiality objections, the City shall produce a log for those records withheld.

IT IS FURTHER ORDERED that the City shall produce the responsive documents no later than fourteen (14) days from the date of this Order.

Because the City produced responses and an affidavit attesting there were no responsive documents to Requests for Production Nos. 14, 15, and 17, because the City produced supplemental responses relating to Rachal in response to Request for Production No. 11, which is also responsive to Request for Production No. 7, and because Whitstine, Rodney, and Branton are no longer parties and information relating to them in Request for Production Nos. 11 and 13 is irrelevant, Brown's Motion to Compel (ECF No. 45) responses to Request for Production Nos. 7, 11, 13, 14, 15, and 17 is DENIED IN PART AS MOOT.

Because Request for Production Nos. 2, 3, 4, and 6 are not relevant to Brown's claims and are outside the scope of Rule 26, Brown's motion (ECF No. 45) is DENIED IN PART as to those requests.

IT IS FURTHER ORDERED that, in all other respects, Brown's Motion to Compel (ECF No. 45) is DENIED.

IT IS FURTHER ORDERED that Brown's request for an award of expenses and attorney's fees under Fed. R. Civ. P. 37(a)(5)(A) is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 29th day of March 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE