c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAQUARIOUS DASHAWN BROWN, Plaintiff | CIVIL ACTION NO. 1:20-CV-00541 |
| VERSUS | JUDGE JOSEPH |
| CITY OF ALEXANDRIA, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Motion to Compel (ECF No. 67) filed by Plaintiff Daquarious Dashawn Brown ("Brown"). Brown seeks to compel non-party Alexandria Police Lieutenant Darrell Bradley ("Lt. Bradley") to answer deposition questions over the objections of counsel for Defendant the City of Alexandria (the "City"). Brown also seeks attorney's fees and costs. *Id.* The City opposes. ECF No. 77.

Because Brown fails to demonstrate the need for additional testimony, and the record shows Lt. Bradley has already answered the deposition questions, Brown's Motion to Compel (ECF No. 67) is DENIED.

I. **Background**

Brown filed a Complaint (ECF No. 1) under 42 U.S.C. § 1983 for claims arising from a March 19, 2019 incident with Kenneth E. Rachal ("Rachal") involving excessive force. Brown originally named as Defendants the City, Jerrod King

("King"), Bobby Branton ("Branton"), Thomas J. Rodney ("Rodney"), Carla J. Whitstine ("Whitstine"), and Rachal (collectively, "Defendants"). ECF No. 1 at 1-2.

Through an Amended Complaint (ECF No. 57), Brown withdrew Defendants all allegations against Whitstine and Rodney, and removed his § 1983 claims for false arrest and racial discrimination against all Defendants. ECF No. 57 at 4-5. The Court granted summary judgment dismissing with prejudice all claims against Branton. ECF No. 75.

The Court also granted in part summary judgment dismissing with prejudice Brown's state law claims against Rachal for intentional infliction of emotional distress and punitive damages. ECF No. 116 at 28. The Court granted in part summary judgment dismissing with prejudice claims against the City for municipal liability under 42 U.S.C. § 1983, and state law claims of intentional infliction of emotional distress, due process, and punitive damages. *Id.* Also, the Court granted summary judgment with prejudice as to all claims against King. *Id.*

Brown alleges Rachal, a Lieutenant with the Alexandria Police Department ("APD"), intentionally and willfully subjected him to excessive force while effecting an arrest. ECF Nos. 1 at 2, 57 at 2. Brown claims Rachal struck him repeatedly in the head and body with his pistol after he stopped his flight, was not resisting, and was in the process of lying face down on the ground. *Id.* Brown claims he did not meet the description of the burglary suspect the officers were seeking. ECF No. 57 at 10. And he asserts the officers lacked any reasonable suspicion to stop him, or probable cause to search his vehicle, at the initial encounter. *Id.*

2

Brown's remaining claims include a § 1983 claim against Rachal in his individual capacity for excessive force in violation of the Fourth and Fourteenth Amendments. ECF Nos. 1 at 18, 57 at 15. Also remaining are Brown's supplemental state law claims against Rachal for excessive force, assault, and battery, and a claim against the City for vicarious liability for the assault and battery. ECF Nos. 1 at 29, 57 at 24. Brown seeks compensatory damages and attorney's fees under §§ 1983 and 1988. ECF Nos. 1 at 1, 57 at 1. Defendants have answered, asserting various affirmative defenses. ECF Nos. 8, 58, 62.[1]

On November 8, 2021, Brown's counsel Brett Grayson ("Mr. Grayson") deposed Lt. Bradley. ECF Nos. 67-1 at 7, 67-2. Mr. Joshua Dara ("Mr. Dara") was present on behalf of the City, and Mr. Bradford Calvit ("Mr. Calvit") was present on behalf of Rachal. *Id.* Mr. Grayson engaged in a line of questioning concerning Lt. Bradley's communications with the City Attorney, his viewing of Rachal's body camera footage of Brown's arrest on request of the former City Attorney, reasons for his review, and any conclusions or opinion he formed concerning the video. ECF No. 67-2. Mr. Grayson takes issue with Mr. Dara's objections under attorney-client privilege to the questions posed. ECF Nos. 67-1 at 6-7, 67-2. Mr. Grayson argues the requested deposition answers are not privileged and are discoverable. ECF No. 67-1 at 10.

The City argues that there is nothing further to compel, as Lt. Bradley already repeatedly testified he did not say anything to anyone about the video and that he

---

[1] On October 5, 2020, this action was stayed pending the outcome of underlying criminal proceedings pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF No. 29. The stay was lifted on resolution of those proceedings. ECF No. 33.

did not form an opinion about the video. ECF No. 77 at 3. The City further argues that any communication between Lt. Bradley and the City Attorney would have been confidential and for the purpose of providing legal advice to the City relating to existing or threatened litigation arising from Brown's arrest. *Id.* at 4.

The Court held oral argument and took the motion under advisement. ECF No. 78.

II. Law and Analysis

    A. A party seeking discovery may move to compel evasive or incomplete responses to deposition questions.

Rule 26(b)(1) of the Federal Rules of Civil Procedure states:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). A court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Rule 30 of the Federal Rules of Civil Procedure governs "Depositions by Oral Examination" and provides that "[t]he examination and cross-examination of a deponent proceed as they would at trial." Fed. R. Civ. P. 30(c)(1). A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3). Fed. R. Civ. P. 30(c)(2). If a deponent fails to answer a question asked under Rule 30, the party seeking the deposition may move to compel a response and for appropriate sanctions under Rule 37. Fed. R. Civ. P. 37(a)(3)(B)(i). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

### B. Brown's Motion to Compel (ECF No. 67) Lt. Bradley to further answer deposition questions is denied.

Brown deposed Lt. Bradley on November 8, 2021. ECF Nos. 67-1 at 7, 67-2. There is no indication as to whether Brown took Lt. Bradley's deposition pursuant to a subpoena, or whether he appeared voluntarily. The Court also notes that there is no indication that Lt. Bradley was served with a copy of the present motion for proper notice under Rule 37(a)(1). *See* Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and *all affected persons*, a party may move for an order compelling disclosure or discovery."). Before relief can be granted under Rule 37, proper notice must be provided to "all affected persons" – here, Lt. Bradley. *Id.* It is not clear that was done here.

Regardless, assuming Lt. Bradley had received notice, the Court declines to compel Lt. Bradley to provide further answers to deposition questions. Mr. Grayson

questioned Lt. Bradley about being asked to view Rachal's bodycam from the day of Brown's arrest. ECF Nos. 67-1 at 7, 67-2 at 11. Mr. Grayson asked who was the City Attorney that asked him to view the video, whether the City Attorney or anyone else asked him for an opinion, whether he formed any opinion after viewing the bodycam, whether he expressed an opinion to anyone, or whether he wrote anything after viewing the video or said anything to anyone about the video. ECF No. 67-2 at 12-19. Mr. Dara objected to the questioning on privilege grounds and, later, as to the form of the question. *Id.*[2]

Nevertheless, the record shows that Lt. Bradley appeared for his deposition and substantially answered most of Brown's questions. ECF No. 67-2. The record also shows that, over the assertion of privilege, Lt. Bradley testified – and Brown obtained – the responses to his questions. Specifically, Lt. Bradley testified that he viewed the bodycam video twice. ECF No. 67-2 at 11-12. He responded that he was asked by City Attorney David Williams to view the bodycam video. *Id.* at 12-13. He testified that he was not in any way involved with the chase or apprehension of Brown. *Id.* at 13. He responded that no one asked him for an opinion as to the video, that he was not asked to give an opinion, that he did not form an opinion, that he did not express an opinion to anyone regarding the video, and that he was not asked to and did not write anything after observing the video. *Id.* at 12-19. The deposition

---

[2] The Court notes that in both parties' briefs they raise arguments whether the questioning is "reasonably calculated to lead to the discovery of admissible evidence." ECF Nos. 67-1 at 10-11, 77 at 6. The phrase "reasonably calculated to lead to the discovery of admissible evidence" no longer defines the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. Fed. R. Civ. P. 26(b)(1).

proceeded and Mr. Grayson was able to complete his line of questioning about another officer's report on the incident, Rachal's history of excessive force complaints, and other matters. ECF No. 67-1 at 10.

Brown fails to demonstrate the need for additional testimony. Also, there is no indication Lt. Bradley's responses were evasive or incomplete, or that he failed to answer the questions. Brown admits Lt. Bradley responded to the questioning, and that Mr. Grayson completed his questioning. ECF No. 67-1 at 10. Given that Lt. Bradley already answered Mr. Grayson's questions in the negative, the discovery sought is "unreasonably cumulative or duplicative" and any "burden or expense" would outweigh[] its likely benefit." Fed. R. Civ. P. 26(b)(1)-(2).

Thus, Brown's request for further answers from Lt. Bradley is denied.

C. **Brown's motion for expenses and attorney's fees (ECF No. 67) is denied.**

Brown seeks reasonable expenses and attorney's fees in the amount of $5,910 incurred in the preparation and filing of his motion.

A court must award fees and costs if the motion is granted or if the requested discovery responses are provided after the motion is filed. Fed. R. Civ. P. 37(a)(5)(A). However, a court is not required to award fees and expenses if other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii).

Here, the City was substantially justified in its belief that the deposition questions were asked and answered, or otherwise subject to privilege. The Court finds that the parties shall each bear their own costs in connection with the motion as an award of fees and expenses under the present circumstances would be unjust.

### III. Conclusion

For these reasons,

IT IS HEREBY ORDERED that Brown's Motion to Compel (ECF No. 67) is DENIED.

IT IS FURTHER ORDERED that Brown's request for an award of expenses and attorney's fees under Fed. R. Civ. P. 37(a)(5) is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this ___30th___ day of August 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE